Submitted September 2, reversed October 7, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL JAMES STEPHENSON,
*Defendant-Appellant.*

Tillamook County Circuit Court
18CR26353; A169724

476 P3d 527

Jonathan R. Hill, Judge.

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Defendant appeals from a judgment of conviction for second-degree criminal mischief. On appeal, he argues that the trial court erred in denying his motion to dismiss on double jeopardy grounds after his first trial ended in a mistrial. The state concedes the error. We agree, accept the state's concession, and reverse the judgment of conviction.

After a jury had been impaneled and the state presented two of its witnesses, a third state witness failed to appear despite being under subpoena and telling the prosecutor she would appear. The state was aware before trial started that the witness might not appear but still opted to refer to the witness's testimony in opening statements. Ultimately, the state asked for a mistrial because of the witness's failure to appear. The state represented that it could proceed without the witness in a new trial by taking a different approach but did not answer the court's question whether it could currently proceed and hedged as to whether the witness was "necessary." The trial court granted the mistrial over defendant's objection. Before he was retried, defendant moved to dismiss on double jeopardy grounds, which the trial court denied. During the second trial, the same state witness failed to appear; however, the state decided to proceed with the trial. Defendant renewed his motion to dismiss, which the trial court denied.

On appeal, defendant assigns error to the trial court's denial of his motion to dismiss, renewing his arguments that his retrial was barred by ORS 131.525, Article I, section 12, of the Oregon Constitution, and the Fifth Amendment to the United States Constitution. The state concedes that the trial court erred.

We accept the state's concession and decide this case under Article I, section 12, because the parties have not developed an argument under ORS 131.525. *State v. Moore*, 361 Or 205, 210 n 2, 390 P3d 1010 (2017). We review a motion to dismiss following a mistrial for legal error. *State v. Gillespie*, 299 Or App 813, 816, 451 P3d 637 (2019). "When a trial court orders a mistrial in a criminal case over the defendant's objection, double jeopardy principles preclude a second trial unless the mistrial was the result of 'manifest

necessity.'" *Id.* at 814. Under Article I, section 12, "manifest necessity" is a "high degree" of necessity to declare the mistrial, and it is the state's burden to demonstrate it. *Id.* at 817. Whether the "manifest necessity" standard is met depends on the unique circumstances of each individual case. *Moore*, 361 Or at 219.

Here, the state did not demonstrate manifest necessity. The state did not show that the witness was necessary to proceed in the first trial; rather, the state represented only that it would have presented its case differently without the witness. However, the state was aware of a risk that the witness would not appear before the trial began but chose not to proceed differently. The state did not meet its burden to show a high degree of necessity for the mistrial, particularly given the stage to which the trial had already proceeded. As a result, the trial court erred in denying defendant's motion to dismiss.

Reversed.